IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NICHOLAS HARRIS, individually and on behalf of others similarly situated. <br><br> Plaintiffs, <br><br> v. <br><br> TRANSOCEAN, LTD., BP, PLC, TRANSOCEAN, LTD, (TRANSOCEAN ENTITY), TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., (TRANSOCEAN ENTITY), TRANSOCEAN DEEPWATER, INC, (TRANSOCEAN ENTITY), BP PRODUCTS NORTH AMERICA, INC., BP AMERICA; CAMERON INTERNATIONAL CORPORATION and, HALIBURTON ENERGY SERVICES, INC., <br><br> Defendants | CV- 10- |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, Nicholas Harris, (hereinafter referred to as "Plaintiff"), individually, and on behalf of all others similarly situated, is a person of the full age of majority and resident of Okaloosa County, Florida and respectfully represents as follows:

1. Defendants herein are:

(A) BP, PLC, BP AMERICA and BP PRODUCTS NORTH AMERICA, INC hereinafter referred to collectively as "BP", are foreign corporations doing business in this country, including the Gulf of Mexico.

(B) TRANSOCEAN, LTD, (TRANSOCEAN ENTITY), a foreign corporation doing business in this country, including the Gulf of Mexico.

1

(C) TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., (TRANSOCEAN ENTITY), a foreign corporation doing business in this country, including the Gulf of Mexico.

(D) TRANSOCEAN DEEPWATER, INC., (TRANSOCEAN ENTITY), a foreign corporation doing business in this country, including the Gulf of Mexico.

(E) BP PRODUCTS NORTH AMERICA, INC., hereinafter referred to as "BP Products", a foreign corporation doing business in this country, including the Gulf of Mexico.

(F) HALIBURTON ENERGY SERVICES, INC., hereinafter referred to as "Haliburton", a foreign corporation doing business in this country, including the Gulf of Mexico.

(G) CAMERON INTERNATIONAL CORPORATION f/k/a COOPER CAMERON CORPORATION (CAMERON), a foreign corporation that manufactured, supplied and/or maintained defective and/or inoperable Blow Out Preventers (BOP);

2. This court has jurisdiction over this class action pursuant to (1) 28 U.S.C. § 1332(d)(2), as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, because the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action brought by the citizens of a state that is different from the state where at least one of the Defendants is Inc. or does business; (2) 28 U.S.C. § 1331, because the claims asserted here in arise under the laws of the United States of America.

3. Plaintiff is a commercial fisherman in the Gulf of Mexico in the business of catching and selling a variety of species of fish.

4. The Defendants, are justly and truly indebted unto your Plaintiff, individually, and on behalf of all others similarly situated, for the following reason, to-wit:

5. At all material times, Plaintiff was employed as commercial fishermen in the Gulf of Mexico. Plaintiff seeks to act as Class Representative for all Florida residents who are commercial fisherman in the Gulf of Mexico and who have been damaged by the oil spill made the basis of this complaint. Plaintiff seeks to represent a class of fisherman who have suffered economic harm by virtue of not being able to fish. Plaintiff does not seek damages based upon the inability to harvest Red Snapper or Grouper/Tilefish, nor do they seek class certification based upon same. Plaintiff is seeking class certification and damages based upon not being able to catch species other than the gulf Red Snapper and Grouper/Tilefish.

6. TRANSOCEAN ENTITIES, employed workers aboard the offshore drilling vessel, DEEPWATER HORIZON, a semi-submersible mobile drilling unit that was owned and/or operated and/or chartered and/or controlled by TRANSOCEAN ENTITIES and/or BP at all material times herein. Defendant herein, HALIBURTON, prior to the explosion, was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, which was a cause of the explosion. Defendant herein, HALIBURTON, prior to the explosion, was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, which was cause of the explosion. Defendant CAMERON manufactured, supplied, installed and/or maintained defective BOP's that failed to operate and control the oil leak.

7. On or about April 20, 2010 at approximately 10 p.m., on the DEEPWATER HORIZON, which is located 50 miles southeast of Venice, Louisiana, without warning and all of a sudden, an explosion occurred on the vessel, causing its crewmembers to be thrown overboard and killing several crewmembers aboard the vessel.

8. The accident was caused by no fault of the Plaintiff and was caused solely by the negligence of Defendants as more fully set forth herein. Since the time of the accident a remotely operated vehicle continues to carry out "multiple attempts" to activate the subsea blowout preventer to stop the well from leaking an estimated thousand barrels of crude per day into the Gulf. To date the attempts to shut off the well by use of the subsea blowout preventer has been unsuccessful.

9. Plaintiff further maintains that Defendants were negligent in responding to disaster, particularly with respect to downplaying the nature, size and extent of the leak and failing to employ adequate responders and/or equipment in field to control the oil slick.

10. As a result of the above described incidents, the fishery in the Gulf of Mexico (along with other natural resources) has been harmed to the extent that Plaintiff and all others similarly situated have been prevented from fishing in the Gulf anywhere near the explosion site. The area around the explosion site is/was one of the most prolific fishing grounds for Plaintiff and where a vast majority of the commercial fish were and would be harvested. As a result, Plaintiff and others similarly situated have sustained economic harm and will so suffer same in the future.

11. At all times material hereto, the vessel which exploded, was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by Defendant, TRANSOCEAN ENTITIES and/or BP.

12. This incident occurred as a result of the negligence of Defendants, TRANSOCEAN ENTITIES and/or BP. These acts of negligence render the defendants liable to Plaintiff pursuant to the provisions of general maritime law for negligence.

13. The explosion was caused by Defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard including the requirement to test the subsea blowout preventer every two weeks.

14. Defendant BP knew of the dangers of deep water drilling and failed to take appropriate measures to protect workers and the environment.

15. Plaintiff, individually, and on behalf of all others similarly situated, demands that Defendants provide the cost of cleanup of the 1000+ barrels of crude oil lost daily since the incident.

## CLASS ACTION ALLEGATIONS

a. **Numerosity of the class**

16. The proposed class is so numerous that joinder is impractical. The disposition of the claims asserted herein through this class action that will be more efficient and will benefit the parties and the court.

b. **Predominance of common Questions of Fact and Law**

17. There is a well-defined community of interest in that the questions of law and fact common to the class predominate over questions affecting only individual Class members and include, but are not limited to, the following:

      A. Whether Defendants caused and/or contributed to the explosion and oil spill;

      B. Whether Defendants' actions were negligent;

      C. Whether or not the explosion and oil spill have caused environmental or other damage; and,

      D. The amount of damages Plaintiff and the Class members should receive any compensation.

c. **Typicality**

18. Plaintiff and Class Members have suffered similar harm as a result of Defendants' actions.

d. **Adequacy of Representation**

19. Plaintiff will fairly and adequately represent and protect the interest of the members of the class because his interests do not conflict with the interests of the Class Members they seek to represent. Plaintiff has no claim antagonistic to those of the class. Plaintiff has retained counsel competent and experienced in complex class actions.

**Superiority**

20. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to this court in which individual litigation of thousands of cases would proceed. Individual litigation presents a potential for inconsistent or

contradictory judgments and the prospect of a race for the courthouse and an equitable allocation of recovery among those with equally meritorious claims. Individual litigation increases the expenses and delay to all parties and the court system in resolving the legal and factual issues common to all claims related to the Defendants' conduct alleged herein. By contrast, a class action presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

21. The various claims asserted in the action are certifiable under the provisions of Rule 23 (b)(1) and/or 23(b)(2) of the federal Rules of Civil Procedure because:

>  a. The prosecution of separate actions by thousands of individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class member, loss of establishing incompatible standards of conduct for Defendant;

>  b. The prosecution of separate actions by individual Class members would also create the risk of adjudications with respect to them that would, a practical matter, be dispositive of the interests of the other Class Members who are not parties to such adjudications and would substantially impair or impede their ability to protect their interests; and,

>  c. Defendants have acted or refused to act on grounds generally applicable to the entire Class, thereby making appropriate final declaratory and injunctive relief with respect to the class as a whole appropriate.

22. The above-described incidents were caused solely by the negligence of Defendants, TRANSOCEAN ENTITES and/or BP and HALIBURTON, through their agents, servants and employees, which are more particularly described as follows:

a. Failing to properly operate the Deepwater Horizon;

b. Failing to properly supervise employees upon the Deepwater Horizon;

c. Failing to properly train and/or supervise Plaintiff and other employees upon the Deepwater Horizon;

d. Failing to properly inspect to assure that the Deepwater Horizon equipment and personnel were fit and utilized for their intended purpose;

e. Failing to provide sufficient personnel to perform operations aboard the Deepwater Horizon;

f. Failing to exercise due care and caution in the operation of the Deepwater Horizon;

g. Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon day wore operating and constructing at the time of the explosion;

h. Inadequate and negligent training and hiring in the construction and maintenance and operation of the Deepwater Horizon;

i. Failing to ascertain that the Deepwater Horizon was free from defects and/or in proper working order;

    j. Failure to timely bring the release under control;

    k. Failure to react to danger signs; and, such other acts of negligence and omissions as will be shown at the trial of this matter;

    l. Other acts of negligence which will be shown more fully at trial.

23. In the further alternative, Plaintiff, reiterating and realleging each and every allegation set forth above, as though set forth herein in extensor, avers the applicability of the doctrine of *res ipsa loquitur*.

24. In addition, and any alternative, any explosion and resulting oil released was caused by defective equipment which was in the care, custody, and control of Defendants. Defendants knew or should have known of these defects and Defendants are, therefore, liable for them.

25. The damages to Plaintiff and the Class Members were also caused by or aggravated by the fact that Defendants failed to properly respond to the release and take necessary actions to mitigate the danger surrounding community and/or to timely and adequately warn of the release of oil.

26. In addition to the negligent and/or wanton actions described above, and in the alternative thereto the injuries and damages suffered by Plaintiff and the Class Members were caused by the acts and/or omissions of the Defendants that are beyond proof by the Plaintiff and the Class Members, but which are within the knowledge and control of the Defendants, there being no other possible conclusion that the explosion and release of oil resulted from the negligence of Defendants. Furthermore, the explosion and the resultant oil released would not

have occurred had the Defendants exercise the high degree of care and post on them and Plaintiff, therefore, plead the doctrine of the *res ipsa loquitor*.

27. Plaintiff and the Class Members are entitled to a judgment finding Defendants liable to Plaintiff and the Class Members for damages suffered as a result of Defendants' negligence and/or wantoness and awarding Plaintiff and the Class Members adequate compensation therefore in amounts determined by the trier of fact.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually, and on behalf of all others similarly situated, prays that the Defendants, jointly, severally, as follows:

    a. An ordered certifying the class for the purpose of the going forward with any one or all of the causes of action alleged herein; appointing Plaintiff as the class representative; and appointing undersigned counsel as counsel for the class;

    b. Economic and compensatory damages in the amounts to be determined at trial, but not less than the $5,000,000.00 required by the Class Action Fairness Act which establishes the Court's jurisdiction to hear this case.

    c. Punitive damages;

    d. Pre-judgment and pot-judgment interest at the maximum rate allowable by law;

    e. Attorney's fees and costs of litigation;

f. Such other and further relief available under all applicable state and federal laws and any relief the court deems just and appropriate, specifically the Oil Pollution Act of 1990 (33 U.S.C. 2701, et seq); and

g. A trial by jury as to all Defendants.

                Respectfully submitted,

                /s/ Bobby J. Bradford
                BOBBY J. BRADFORD
                Florida Bar No.: 0173223
                *Aylstock, Witkin, Kreis & Overholtz, PLLC*
                803 North Palafox Street
                Pensacola, Florida 32501
                Telephone: (850) 916-7450
                bbradford@awkolaw.com

                -and-

MATHEW B. RICHARDSON (FL Bar # 0581895)
*JACKSON, FOSTER & RICHARDSON, LLC*
P.O. Box 2225
Mobile, AL  36652
T.: 251-433-6699
F.: 251-433-6127
mat@jacksonfosterlaw.com

ATTORNEYS FOR PLAINTIFFS